FISK v. LEE.

No. 9790; November 29, 1886.

12 Pac. 255.

Interest—Computation—Interest on Compound Interest.—Where defendant, in California, executed her promissory notes payable in thirty days, with interest thereon at the rate of four per cent a month, interest to be paid monthly in advance, and, if not so paid, to become a part of the principal, and bear thereafter the same rate of interest, compounding monthly in advance, the court may properly, in calculating the interest due to plaintiff, allow interest on compound interest, or "interest on interest on interest."

APPEAL from Superior Court, Alameda County.

Action to enforce payment of notes and mortgage.

On or about the seventeenth day of June, 1881, the defendant borrowed from the plaintiff the sum of two hundred dollars in gold coin of the United States, and to secure the payment of the same, with interest, she executed and delivered to the plaintiff her four promissory notes, for fifty dollars each; each being in the words and figures following:

"$50.                    San Francisco, Cal., June 17, 1881.

"Thirty days after date, without grace, I promise to pay to Asa Fisk, or order, the sum of fifty and 00-100 dollars, to be paid only in gold coin of the United States of America, for value received, with interest thereon, in like gold coin, from date at the rate of four per cent. per month until paid; interest to be paid monthly in advance, and, if not so paid, to become a part of the principal, and bear thereafter the same rate of interest, compounding monthly in advance, for value received. This note to be paid at the banking-house or office of Asa Fisk, in the city of San Francisco.

"ABBA LEE."

The defendant at the same time, to secure the said notes, executed a mortgage on certain lots in the town of Haywards, Alameda county, California, in which it was stipulated, among other things, that defendant should pay thirty per cent on said principal and interest as attorney's fees in case of foreclosure, and would also pay taxes and assessments, which, if not paid, should be added to the principal, and bear interest at four per cent a month. The defense was that the notes and mortgage did not correctly set forth the terms of the agreement made between plaintiff and defendant respecting the loan, and the terms of the agreement were that plaintiff would loan defendant two hundred and fifty dollars for five or six years, and defendant should pay interest therefor at four per cent per annum; that defendant, being wholly inexperienced in business, had never previously executed any promissory note or mortgage, and had no one to advise her except plaintiff; that she was short-sighted, and unable to read without the aid of her eye-glasses, and, having left them at home, did not read over the notes and mortgage before signing them; that, in preparation of the notes and mortgage, she relied entirely. on the plaintiff, and believed that they had been prepared in accordance with, and expressing therein the terms of, her previous agreement with plaintiff for the loan.

On the hearing judgment was given that plaintiff was entitled, on her said loan of two hundred dollars, to the total sum of seven hundred and forty-four dollars and thirty-one cents, and foreclosure sale was ordered, and, in case of the property proving insufficient, a judgment should be docketed for the balance against defendant, and execution issued thereon. The defendant appeals. Apparently there was an exception taken by defendant to the allowance of interest upon compound interest, which the appellate court overruled.

R. Percy Wright for appellant; E. H. Rixford for respondent.

By the COURT.—The court below did not err in its calculation of interest. The mode adopted is in strict accord with the contract of the parties. Judgment affirmed.